AO 243 (Rev. 2/95)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District Connecticut |
|---|---|
| Name of Movant: John Cirasuolo | Prisoner No. 14166014 | Case No. 3:01Cr85(SRU) |
| Place of Confinement: FCI Butner, North Carolina | | |

| UNITED STATES OF AMERICA | V. | John Cirasuolo (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
   U.S. District Court, District of Connecticut (New Haven)

2. Date of judgment of conviction    6/18/2003

3. Length of sentence    110 months

4. Nature of offense involved (all counts)
   bank robbery

   FILED 2005 APR 14 P 2:16 U.S. DISTRICT COURT BRIDGEPORT, CONN.

5. What was your plea? (Check one)
   (a) Not guilty      ☑
   (b) Guilty          ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury         ☑
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑    No ☐

(2)

AO 243    (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court   United States Court of Appeals for the Second Circuit

   (b) Result   Appeal dismissed without prejudice to appellant raising ineffective assistance of counsel claim pursu

   (c) Date of result   April 30, 2004

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☑

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court

        (2) Nature of proceeding

        (3) Grounds raised

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐    No ☐

        (5) Result

        (6) Date of result

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court

        (2) Name of proceeding

        (3) Grounds raised

AO 243    (Rev. 2/95)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☐

    (5) Result

    (6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☐   No ☐
    (2) Second petition, etc.   Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

(4)

AO 243    (Rev. 2/95)

   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
   (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   (i) Denial of effective assistance of counsel.
   (j) Denial of right of appeal.

A. Ground one:
**Denial of effective assistance of counsel**

Supporting FACTS (state *briefly* without citing cases or law):
Counsel failed to argue for a downward departure under the Guidelines, USSG Section 4A1.3. The Criminal History Category VI significantly overstated the seriousness of Mr. Cirasuolo's criminal history and the likelihood he would commit future crimes because it included 4 burglaries committed over 15 years prior to the commission of the instant bank robbery when Mr. Cirasuolo was a runaway youth plagued by mental illness. Counsel failed to obtain Mr. Cirasuolo's mental health and psychiatric records which showed that he suffered from auditory hallucinations for years before the evaluation by the court-appointed psychologist, and, therefore, rebutted the psychologist's conclusion that "Mr. Cirasuolo's claim that auditory command hallucinations led up to the instant offense is of questionable validity." Counsel failed to argue that the Sixth Amendment was violated when sentence was based on a fact -- that defendant brandished a firearm - that was not established by the jury verdict.

B. Ground two:
Sentencing Court violated Sixth Amendment by mandatorily applying the Guidelines, and making factual findings and mandatorily ennancing sentece above the range applicable to facts found by a jury or admitted by the defendant.

Supporting FACTS (state *briefly* without citing cases or law):
In setting the sentence, the Court increased the offense level under the Guidelines based on the factual finding that defendant brandished a firearm (a fact not established by the jury verdict), and felt compelled to impose a Guideline sentence.

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

(5)

AO 243    (Rev. 2/95)

    D.  Ground four:

        Supporting FACTS (state *briefly* without citing cases or law):

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
     Yes ☐    No ☑

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing

    (b)  At arraignment and plea
        Roger Sigal
        Federal Public Defender's Office
        2 Whitney Ave. Suite 300  New Haven, Ct. 06510

    (c)  At trial
        Roger Sigal
        Federal Public Defender's Office
        2 Whitney Ave. Suite 300  New Haven, Ct. 06510

    (d)  At sentencing
        Wayne R. Keeney
        The Security Bldg.  1115 Main St., Suite 310 Bridgeport, Ct. 06604

AO 243    (Rev. 2/95)

    (e) On appeal
        Jane Simkin Smith
        P.O. Box 1277
        Millbrook, New York 12545
    (f) In any post-conviction proceeding


    (g) On appeal from any adverse ruling in a post-conviction proceeding


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☐

    (a) If so, give name and location of court which imposed sentence to be served in the future:
        Thirteenth Judicial Circuit Court, Hillsborough
        800 E. Twiggs St.
        Tampa, Florida 33602

    (b) Give date and length of the above sentence:
        2/21/00: sentences imposed and suspended in three cases (#99-16663, 60 months; #96-14570, 78 months; # 97-979, 78 months), and petitioner placed on probation for 24 months. Probation of violation charges (arising out of federal conviction) pending; petitioner seeking imposition of concurrent sentences.
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☑

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

                                                        */s/ Jane Simkin Smith*
                                                       Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

March 25, 2005
Date

                                                       */s/ John Cinasio*
                                                       Signature of Movant

D. CT. /BRCT
01 Cr. 85
Underhill, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 30th day of April, two thousand and four,

Present:

    Hon. Robert D. Sack,
    Hon. Sonia Sotomayor,
        *Circuit Judges,*
    Hon. Lewis A. Kaplan,[*]
        *District Judge.*



UNITED STATES OF AMERICA,

        Appellee,

        v.                                                                                   03-1391

JOHN CIRASUOLO,

        Defendant-Appellant.

---

    Appellant John Cirasuolo was convicted of one count of robbery of a federally insured bank, in violation of 18 U.S.C. § 2113(a), and sentenced principally to a term of imprisonment of 110 months. He appeals from the judgment of conviction, contending that the district court should have departed downward *sua sponte* on the ground that his criminal history category overstated the seriousness of his record, and that he received ineffective assistance of counsel at sentencing in that his attorney failed to seek a downward departure on that ground. The government moves to dismiss the appeal.

---

    •    The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

A district court's decision not to grant a downward departure generally is not reviewable on appeal, a principal exception being where the sentencing court mistakenly believed that it lacked discretion to depart. *E.g., United States v. Chabot,* 70 F.3d 259, 260 (2d Cir. 1995) (*per curiam*). Here there is no indication that the district court labored under any such misconception. The fact that the judge did not specifically state that it was within his discretion to depart under USSG § 4A1.3 "does not support an inference that [he] misunderstood [his] authority to depart." *United States v. Hurtado,* 47 F.3d 577, 585 (2d Cir. 1995). Accordingly, we lack jurisdiction to consider the first of appellant's contentions.

Ineffective assistance claims generally should be resolved on collateral review via a motion under 28 U.S.C. § 2255 rather than on direct appeal. *Massaro v. United States,* 123 S. Ct. 1690, 1694 (2003); *United States v. Khedr,* 343 F.3d 96, 99-100 (2d Cir. 2003). Accordingly, when confronted with such a claim, we may (1) decline to hear the claim and allow the appellant to raise the issue in a subsequent Section 2255 motion in the district court, (2) remand the claim to the district court for necessary fact-finding, or (3) decide the claim on the existing record. *United States v. Leone,* 215 F.3d 253, 256 (2d Cir. 2000).

In this case, it is not certain that the record before us is as complete as that which may be generated were appellant to seek collateral review under Section 2255. We therefore decline to hear the claim subject to appellant's right to seek such collateral review.

For the foregoing reasons, the motion to dismiss the appeal is granted. Insofar as the appeal assigns as error the district court's failure to depart *sua sponte,* the dismissal is for lack of jurisdiction. Insofar as it asserts that appellant received ineffective assistance of counsel, the dismissal is without prejudice to appellant raising that contention in the district court on a motion pursuant to 28 U.S.C. § 2255.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: _____