The Honorable Stefan R. Underhill U.S.D.J.
United States District Court of Connecticut
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

April 20th, 2005

4-28-05
[illegible] Deputy Clerk

From: John Cirasuolo 14166014 SHU
Federal Correctional Institution
P.O.B.-1000
Butner, NC 27509

John Cirasuolo

V.

United States

Criminal Case # (3:01 CR 85 SRU)

Request For Extension of Time To File Supplement Amending 2255 Motion. (Attached)

I John Cirasuolo, Defendant in above referenced case, come now before the Honorable court, requesting more time to amend the 2255 appeal filed on the 13th day of April, 2005 by Attorney of record, Jane Simkin-Smith.

I request this extension for the following reasons:

A- Because I did not receive a copy of the 2255 from my Attorney until the 18th day of April, 2005, and my supplement filing is due by the 29th Day of April, 2005, I assert that the time frame is insufficient for me to research and prepare adequately.

B- I am presently mentally ill, and therefore unable to file on my own.

C Because of reason # B, I was moved to the Special Housing Unit, for my own protection on 04-25-05. As a result, I am seperated from access to copies, Notorary, all of

To: Judge Stefan R. Underhill U.S.D.J.
United States District Court of Connecticut

From: John Cirasuolo 14166014 SHU
FCI Butner, P.O.B. 1000
Butner, NC 27509

April 20Th, 2005

John Cirasuolo
V.
United States

Criminal Case # (3:01CR85SRU)

Request For Extension of Time To File Supplement Amending 2255 Motion. (Continued From Page #1)

(continued)
-my legal Files, proper legal facilities, and most critical, help from the inmate Christian groups here at Butner who were helping me file the supplement in a timely fashion.

I have valid legal arguements to bring before the Honorable court, to seek the Courts guidance, and to ask the court to recognize that it is in the best interest of Justice, to grant this request, thus allowing me the privilege to due process of law.

I Hereby Certify that a copy of this request of more time has been forwarded to James Finnerty and Raymond Miller, Assistant United States Attorneys, 915 LaFayette Baulevard, Bridgeport, Connecticut, VIA prison mail Drop Box procedure on this 20Th Day of April, 2005.

Respectfully, [signature]
John Cirasuolo

original

Jane Simkin Smith
Attorney At Law
P.O. Box 1277
Millbrook, New York 12545
845 724 3415

April 13, 2005

John Cirasuolo
# 14166-014
Butner Med FCI
P. O. Box 1000
Butner, North Carolina 27509

Dear Mr. Cirasuolo:

I filed the 2255 petition today. Enclosed is a copy of the motion and an accompanying declaration. I attached a copy of the Second Circuit brief to my declaration. In addition, I submitted (for filing under seal) copies of most of the medical records you sent to me.

I'm sending back to you all of the copies you sent to me, as well as two separate groups of records. One pile contains just duplicates. The other pile contains copies of documents that I did not file with the court. By looking at this group, you'll be able to tell what I included – in other words, I included everything except what's in this pile.

As you'll see, I made the argument that the attorney at sentencing was ineffective for failing to obtain these records because they rebutted various conclusions made by the court-appointed psychologist and arguments made by the prosecutor. I made only a cursory argument that trial counsel was also ineffective for failing to obtain the medical records. I indicated in my declaration that this is where you may want to supplement my filing with your own submission.

You may still want to do this. However, if you do, remember, you have to show prejudice. I'm not sure how to show this. I don't think there's enough here to show that you could have succeeded with an insanity defense. It is possible that you could say that, armed with this information, the attorney could have persuaded you to accept the plea offer and that you would have taken it. But this invites a whole factual debate and you'll be pitted against Mr. Sigal if he disputes any facts you assert.

In any event, if you decide to file something, remember it has to be filed by April 29, and if it rests on the assertion of any facts that are not in the record, you'll need to file a sworn affidavit attesting to these facts. If your argument rests on the theory that you would have done something differently, make sure you swear to this. Frankly, however, I must advise you that I think the likelihood of succeeding on the trial ineffectiveness claim is so small given what you currently have to work with, that you may wind up diluting the strength of the arguments relating to sentencing counsel. Also, I can't guarantee that the court will accept your separate filing, but there is no harm in trying to submit something if you believe it is in your interest to do so.

4/13/2005

I have no idea when we will hear anything from the Court. I will, of course, advise you of any developments. In the meantime, if you have any questions, please don't hesitate to ask.

Sincerely,

Jane Simkin Smith

Jane Simkin Smith

Enc.



John Cirasuolo

DL# E6244 61643000
SS# 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





D. CT. /BRCT
01 Cr. 85
Underhill, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 30th day of April, two thousand and four,

Present:

Hon. Robert D. Sack,
Hon. Sonia Sotomayor,
*Circuit Judges,*
Hon. Lewis A. Kaplan,*
*District Judge.*

---

UNITED STATES OF AMERICA,

Appellee,

03-1391

v.

JOHN CIRASUOLO,

Defendant-Appellant.

---

Appellant John Cirasuolo was convicted of one count of robbery of a federally insured bank, in violation of 18 U.S.C. § 2113(a), and sentenced principally to a term of imprisonment of 110 months. He appeals from the judgment of conviction, contending that the district court should have departed downward *sua sponte* on the ground that his criminal history category overstated the seriousness of his record, and that he received ineffective assistance of counsel at sentencing in that his attorney failed to seek a downward departure on that ground. The government moves to dismiss the appeal.

---

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Connecticut | |
|---|---|---|
| Name of Movant<br>John Cirasuolo | Prisoner No.<br>14166014 | Case No.<br>3:01Cr85(SRU) |
| Place of Confinement<br>FCI Butner, North Carolina | | |

UNITED STATES OF AMERICA V. John Cirasuolo
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
U.S. District Court, District of Connecticut (New Haven)

2. Date of judgment of conviction 6/18/2003

3. Length of sentence 110 months

4. Nature of offense involved (all counts)
bank robbery

5. What was your plea? (Check one)
(a) Not guilty ☑
(b) Guilty ☐
(c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
(a) Jury ☑
(b) Judge only ☐

7. Did you testify at the trial?
Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?
Yes ☑ No ☐

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

(a) Name of court United States Court of Appeals for the Second Circuit

(b) Result Appeal dismissed without prejudice to appellant raising ineffective assistance of counsel claim purs

(c) Date of result April 30, 2004

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐ No ☑

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court

(2) Nature of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result

(6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Name of proceeding

(3) Grounds raised

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ☐ No ☐

(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:
Denial of effective assistance of counsel

Supporting FACTS (state *briefly* without citing cases or law):

Counsel failed to argue for a downward departure under the Guidelines, USSG Section 4A1.3. The Criminal History Category VI significantly overstated the seriousness of Mr. Cirasuolo's criminal history and the likelihood he would commit future crimes because it included 4 burglaries committed over 15 years prior to the commission of the instant bank robbery when Mr. Cirasuolo was a runaway youth plagued by mental illness. Counsel failed to obtain Mr. Cirasuolo's mental health and psychiatric records which showed that he suffered from auditory hallucinations for years before the evaluation by the court-appointed psychologist, and, therefore, rebutted the psychologist's conclusion that "Mr. Cirasuolo's claim that auditory command hallucinations led up to the instant offense is of questionable validity." Counsel failed to argue that the Sixth Amendment was violated when sentence was based on a fact -- that defendant brandished a firearm - that was not established by the jury verdict.

B. Ground two:
Sentencing Court violated Sixth Amendment by mandatorily applying the Guidelines, and making factual findings and mandatorily ennancing sentece above the range applicable to facts found by a jury or admitted by the defendant.

Supporting FACTS (state *briefly* without citing cases or law):

In setting the sentence, the Court increased the offense level under the Guidelines based on the factual finding that defendant brandished a firearm (a fact not established by the jury verdict), and felt compelled to impose a Guideline sentence.

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

AO 243   (Rev. 2/95)

    D.  Ground four:

        Supporting FACTS (state *briefly* without citing cases or law):

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
     Yes ☐    No ☑

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing

    (b)  At arraignment and plea
        Roger Sigal
        Federal Public Defender's Office
        2 Whitney Ave. Suite 300  New Haven, Ct. 06510

    (c)  At trial
        Roger Sigal
        Federal Public Defender's Office
        2 Whitney Ave. Suite 300  New Haven, Ct. 06510

    (d)  At sentencing
        Wayne R. Keeney
        The Security Bldg.  1115 Main St., Suite 310 Bridgeport, Ct. 06604

AO 243 (Rev. 2/95)

(e) On appeal
Jane Simkin Smith
P.O. Box 1277
Millbrook, New York 12545

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future:
Thirteenth Judicial Circuit Court, Hillsborough
800 E. Twiggs St.
Tampa, Florida 33602

(b) Give date and length of the above sentence:
2/21/00: sentences imposed and suspended in three cases (#99-16663, 60 months; #96-14570, 78 months; # 97-979, 78 months), and petitioner placed on probation for 24 months. Probation of violation charges (arising out of federal conviction) pending; petitioner seeking imposition of concurrent sentences.

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☑

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Jane Simkin Smith
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

March 25, 2005
Date

John Cirasuolo
Signature of Movant

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - -X

| | | |
|---|---|---|
| JOHN CIRASUOLO | : | Docket No.______ |
| | : | (3:01 CR 85 (SRU)) |
| v. | : | DECLARATION IN |
| | : | SUPPORT OF MOTION |
| | : | UNDER 28 U.S.C. § 2255 |
| UNITED STATES | : | |

- - - - - - - - - - - - - - - - - - - - - -X

JANE SIMKIN SMITH, an attorney admitted to practice law in the Courts of New York State and in this Court, under penalty of perjury hereby declares:

1. I am attorney for petitioner John Cirasuolo in this matter, and submit this declaration in support of his motion to vacate, set aside and correct his sentence under 28 U.S.C.§2255.

2. I was appointed counsel by the Second Circuit Court of Appeals pursuant to the Criminal Justice in connection with Mr. Cirasuolo's appeal of his conviction to that Court.

3. The central argument in that appeal was that Mr. Cirasuolo was denied the effective assistance of counsel at sentencing because his counsel inexplicably failed to seek a horizontal departure under the Sentencing Guidelines on the ground that Criminal History Category VI overstated the seriousness of defendant's past conduct.

4. The Government moved to dismiss the appeal, arguing that the ineffective assistance of counsel claim should be resolved on collateral review via a motion under 28 U.S.C. § 2255.

5. In an order filed April 30, 2004, the Court of Appeals

granted the government's motion and dismissed "without prejudice to appellant raising that contention in the district court on a motion pursuant to 28 U.S.C. § 2255." A Copy of the Court's Order is attached.

6. Mr. Cirasuolo renews the claim that his sentencing counsel was ineffective for failing to seek a downward departure under U.S.S.G. §4A1.3. In support of this claim, I submit to this court the brief that was filed in the Court of Appeals. I will not repeat in this declaration the facts and arguments which are set forth in detail in the brief. Rather, I incorporate them by reference.

7. In addition, Mr. Cirasuolo submits that he was deprived of the effective assistance of counsel because both trial and sentencing counsel failed to obtain Mr. Cirasuolo's mental health records.

8. With my assistance, Mr. Cirasuolo spent the last year (since the Court of Appeals dismissed his appeal) attempting to gather these records. To the extent that he has been successful, and to the extent that they are relevant, copies of these records are submitted to the court with this petition. They are filed in a sealed envelope so as to maintain Mr. Cirasuolo's privacy.

9. The mental health records were essential in connection with sentencing in June, 2003. Indeed, on July 30, 2003, trial

counsel (Roger Sigal of the Federal Defender's Office) had specifically asked for a continuance before the sentencing to obtain mental health records (along with a motion for a psychiatric evaluation in aid of sentencing). Inexplicably, though sentence was not imposed until June, 2003, it appears that sentencing counsel (Wayne Keeney) proceeded to sentencing without having obtained them.

10. The failure to obtain the records was prejudicial because they showed that Mr. Cirasuolo suffered from auditory hallucinations, paranoid schizophrenia, a "marked distortion in his perception of things," and was in need of psychotropic medications both years before, and during the months following, the evaluation by the court-appointed psychologist (in January, 2003). These findings refuted the psychologist's conclusion that "Mr. Cirasuolo's claim that auditory command hallucinations led up to the instant offense is of questionable validity," his assertion that "these psychotic symptoms [persecutory beliefs, anxiety, and depression] appear questionable", and the prosecutor's argument that Mr. Cirasuolo obstructed justice by fabricating and seeking to manipulate the test results.

11. In this connection, I draw the Court's particular attention to the following records which have been highlighted: the 1986 records from the Northside Counseling Center; the records of the psychiatrist Dr. Stephen J. Szabo and the Bay

Area Psychiatric Consultants regarding auditory hallucinations in 1997; the records from Bridges, A Community Support System, Inc. reporting, *inter alia*, severe anxiety, confusion and hearing voices in December, 2000; Connecticut Department of Correction record of auditory hallucinations in April, 2001; MCC psychiatrist Dr. Hillel Glover's references to "history of delusions", "command hallucinations" and "acute auditory hallucinations" in November, and December, 2002; and the report from the Wyatt Detention Center in May, 2003 that Mr. Cirasuolo was hearing voices and seeing things.

12. Examination of the mental health records before trial was also necessary in order for counsel to be able to properly advise Mr. Cirasuolo as to how to proceed. In this connection, I respectfully request that Mr. Cirasuolo be granted permission to submit *pro se* additional support for this part of his claim that he was deprived the effective assistance of counsel.

13. Sentencing counsel was also ineffective for failing to argue, based on Apprendi v. New Jersey, 530 U.S. 466 (2000), that enhancing the sentence based on a finding by the court that the defendant brandished a firearm - a fact not found by the jury - violated the Sixth Amendment. By the time that Mr. Cirasuolo was sentenced, Apprendi-related claims were within the "prevailing professional norm," and, by failing to make such a claim, trial counsel's performance thus fell below "an objective

standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-96 (1984). Since, as United States v. Booker, 125 S.Ct. 738 (2005), now makes plain, the Sixth Amendment claim is meritorious, one can easily conclude that, but for counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

14. We recognize the Court of Appeals' recent holding in Guzman v. United States, __ F.3d __, Docket No. 03-2446-pr (April 8, 2005), that Booker does not apply retroactively to cases on collateral appeal. Nevertheless, to preserve Mr. Cirasuolo's rights in the event that the Supreme Court rules differently, Mr. Cirasuolo claims that the application of the Guidelines under the mandatory regime violated his Sixth Amendment rights and warrants the vacating of his sentence.

Wherefore, the relief requested should be granted. The sentence should be vacated, set aside and corrected.

Dated: Millbrook, New York
April 13, 2005

Jane Simkin Smith