Jane Simkin Smith
P.O. Box 1277
Millbrook, New York 12545
845 724 3415
Fax: 845 724 3417
jssmith1@optonline.net



January 23, 2006

Hon. Stefan R. Underhill
United States District Court
District of Connecticut
915 Lafayette Blvd.
Bridgeport, Connecticut 06604

    Re:  Cirasuolo v. United States, 305 CV 615
         (Related to United States v. Cirasuolo, 3:01 CR-85 (SRU))

Dear Judge Underhill:

    On November 8, 2005, at the request of Mr. Cirasuolo, I wrote to urge resolution of Mr. Cirasuolo's pending petition pursuant to 28 U.S.C. § 2255. I renew that request. Mr. Cirasuolo -- hopeful that this court will act favorably on his motion (based principally on a claim of ineffective assistance of counsel at sentencing), and that it will then resentence him to a shorter term of imprisonment -- is very concerned about the profound effects that both his prolonged incarceration and the uncertainty in his situation are having on his daughter Jennie, who has been in foster care since Mr. Cirasuolo's arrest in 2001.

    When Mr. Cirasuolo was initially sentenced in June, 2003, the Court noted the extraordinary relationship between Mr. Cirasuolo and his 10 year-old daughter, and voiced concern about the effect that Mr. Cirasuolo's incarceration would have on her. The Government argued against an extraordinary family circumstance downward departure, arguing, among other things, that, because Jennie was in the custody of Mr. Cirasuolo's mother and stepfather (which the prosecutor described as "a loving household with blood relatives, not in some stranger's house"), and was "doing well", Mr. Cirasuolo's incarceration would not have an extraordinary impact on her. (T. 16, 19-20)  After acknowledging the special bond between Mr. Cirasuolo and his daughter and expressing "respect" for how he had raised her, the Court "reluctantly" concluded that a downward departure was not merited. In this regard, the Court pointed out, "[Y]our daughter seems to be in a situation in which she's going to be fine. She's with relatives who clearly care for her and it's my belief that the good start you've gotten her off to will stand her in good stead." (T.28)

    As documented in materials that Mr. Criasuolo recently received from the State of Connecticut Department of Children and Families and which I am submitting herewith, the Court's hopes for Jennie did not come true. Jennie (who had been removed from the

Connecticut foster home in which she had been placed shortly after Mr. Cirasuolo's arrest in 2001 when she was placed in the care of her grandmother in Illinois in May, 2003) remained in the care of her grandmother, Mrs. Kempster, only until June, 2004. This was because the Kempsters – who "felt that Jennie was oppositional and more than they could handle at their age" – asked for her to be removed from their home. When no other family members in Illinois came forward as a placement source for Jennie, she was returned to Connecticut and placed in another foster home, different from the one in which she had been placed initially.

It is no surprise that (as documented in the attached materials) Jennie is suffering as a result of these numerous disruptions in her foster care placement, and yearns for some sense of permanency. Significantly, as set forth in its "Study In Support Of Permanency Plan And To Maintain Commitment" (dated 10/3/05), the Connecticut Department of Children and Families deems Jennie's ongoing relationship with Mr. Cirasuolo very important and continues to believe that reunification with her father upon his release from incarceration would be in Jennie's bests interests.

Mr. Cirasuolo remains devoted to his daughter and is devastated by the suffering he has caused her by virtue of his incarceration. He has been detained for almost five years now, and is understandably anxious for resolution of his petition in the hopes that this Court may resentence him to a shorter sentence and thereby accelerate the reunification with his daughter. So, again, I respectfully beg the Court to rule on the petition.

Thank you for your attention to this matter.

Sincerely,

Jane Simkin Smith
Attorney for John Cirasuolo

Enc.
Cc: AUSA Raymond F. Miller