26

**DETAINER ACTION LETTER**
**U.S. DEPARTMENT OF JUSTICE**

FEDERAL BUREAU OF PRISONS

| To: Hillsbourough County Sheriff's Dept. ATTN: Warrants PO Box 3371 Tampa, FL 33601 | From: U.S. PENITENTIARY 4200 BUREAU ROAD NORTH TERRE HAUTE, IN 47808 |
|---|---|

Date: August 12, 2003

| Re: Detainer | Inmates Name: CIRASUOLO, John | Register No.: 14166-014 |
|---|---|---|

The below checked paragraph relates to the above named inmate:

XXX    A detainer has been filed against this subject in your favor charging <u>Probation Violation.</u> Release is tentatively scheduled for <u>03-24-2009.</u> We will again notify you approximately 60 days prior to actual release.

☐XXX    Other: THIS INMATES PROJECTED RELEASE DATE IS: 03-24-2009

Sincerely,

T.R. Barnett
Inmate Systems Manager

W.C. Daugherty
Legal Instruments Examiner
Phone: (812) 238-1531 x346
Fax: (812) 238-3316

Original - Addressee
Copy - County Sheriff
Copy - Judgment & Commitment File
Copy - Inmate
Copy - Central File (Section 1)



P.O. Box 3371
Phone (813) 247-8000

# *Cal Henderson, Sheriff*

### Hillsborough County
### Tampa, Florida 33601

JULY 10, 2001

K M REID
WARDEN
RT 37
DANBURY, CT. 06811

RECEIVED
UNITED STATES MARSHAL
01 JUL 24 AM 11: 59
DISTRICT OF CONNECTICUT

                Re: CIRASUOLO,JOHN A

                Charge: SEE ATTACHED WARRANT

Dear Sir:

    We are enclosing our certified warrant/capias for the arrest of the above subject.  If located, please arrest and notify this office.
File as detainer (Warrants Section ORI FL02900D6).
Advise if subject will waive extradition.  We will extradite.
Contact the Warrant Section for transportation.

INFORMATION:
Race W  Sex M  DOB 082064  Hgt. 507  Wt. 185  Hair BRO  Eyes BRO
Address IN YOUR CUSTODY
Case Number 9916663/9614570/9700979        Bond $ NONE

    Please direct any questions you may have regarding these matters to our Warrant Section, phone (813) 247-0735.

    As always, be assured of our cooperation in all matters of mutual concern.

                Sincerely,

                Rocky Rodriguez, Major
                Special Operations Division

RR/ep/ac
Enclosure

John Cirasuolo
166014-NC
CI Butner, Pob-1000
utner, NC 27509

08, 2004

28

7002 2030 0005 5547 2606

STATE Attorneys office
Hillsborough County
800 EAST Kennedy Blvd
Courthouse Annex, 5TH Floor
TAMPA, FL 33602

CASE #99-00016663, 96-14570, 97-979

RE: Request for ABSENTIA, and Disposition of above case #S.

Dear Sir, Madam,

I have been incarcerated in Federal prison since, march of
2001. I am currently housed at a medium security medical facility
participating in a mental health rehabilitation program.
Because of the Detainer lodged against me by the state of
Florida for above stated case numbers, my "points" are advers-
ely affected, which, inturn prevents me from participating in various
B.O.P. rehabilitation programs, and, also affects other things such
as a more favorable designation. This latter point is important
to me because I am a single parent and my child is in a
foster home in CT., but the only B.O.P. facility close to
her proximity is a "low security level facility", of which I am
currently uneligible for due to my Detainer points. I Respectful
request to be informed of sentencing options for above case
numbers, and that the state of Florida inform me of what would
be an appropriate disposition that would be satisfactory to the State
and myself. I further ask that you inform me as to wether the state of Florida
would be willing to handle this matter in ABSENTIA and/or by mail with
no physical appearance on my part. Respectfully, John Cirasuolo

John Cirasuolo



**FLORIDA**
**DEPARTMENT of**
**CORRECTIONS**

Governor
**JEB BUSH**

Secretary
**JAMES V. CROSBY, JR.**

*An Equal Opportunity Employer*

2601 Blair Stone Road • Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

January 21, 2005

John Cirasuolo, 14166014-NC
FCI Butner, P.O.B-1000
Butner, N.C. 27509

Dear Mr. Cirasuolo;

Re: Dkt# 99-16663, 96-14570,97-979

I am in receipt of the letters you sent requesting information about your pending cases here in Florida. You may want to send a letter to the public defender's officer and or the Judge responsible for hearing your case regarding settling your violation of probation in absentia. The current Judge is Judge Anthony Black 801 E. Twiggs St., Room 317-Tower, Tampa,Fl. 33602. The address to the Public Defender's office is 700 E. Twiggs St. Tampa, Fl. 33602. If you have any other concerns or questions you can contact me at 7402 N. 56th St. Suite 750, Tampa, Fl. 33617.

Sincerely,

*Elizabeth Staley*

Elizabeth Staley
Correctional Probation Officer

813-983-3156



*Law Offices of*
## JULIANNE M. HOLT
*Public Defender*

*Thirteenth Judicial Circuit of Florida*
*Fifth Floor*
*700 East Twiggs Street*
*P.O. Box 172910*
*Tampa, Florida  33672-0910*

REPLY TO: **CHRISTOPHER D.**
**WATSON**
.TEL: (813) 277-1517
FAX: (813) 277-1584

May 27, 2005

John Cirasuolo
#14166-014 CL
F.C.I. Butner
P.O. Box 1000
Butner, NC 27509

Re:    State of Florida v. John Cirasuolo
       Case Nos.: 96CF014570, 97CF000979, 99CF016673

Dear Mr. Cirasuolo,

We are in receipt of your letter dated February 25, 2005 which included a copy of your earlier letter dated January 31, 2005. I apologize that you did not receive an answer to these inquiries earlier.

Unfortunately, because these cases involve violations of probation and because you are in federal custody, there is no action that we can take on your behalf at this time. As you may be aware, when you near the end of your federal sentence the officials at your institution will contact the State Attorney's Office here in Hillsborough County, Florida to see if they want to extradite you back here. If they decide not to, you will be released and the VOP warrant will be taken out of the NCIC but left in the FCIC. Thus, if you return to Florida and come in contact with law enforcement you will be arrested for the VOP. If you remain outside of Florida, you should not be arrested on the VOP warrant.

The only thing you might try at this point would be to write directly to the State Attorney's Office here in Hillsborough County. If you provide them with information about why you are incarcerated and how long you will remain in custody, you could ask them to drop the VOP warrant against you. If you have any restitution outstanding on any of your cases, I can assure you the answer will be "no". Thus, if you know there is still restitution due and you or your family have the ability to pay it, you should consider doing so.

Sincerely,

JULIANNE M. HOLT
PUBLIC DEFENDER
THIRTEENTH JUDICIAL CIRCUIT

CHRISTOPHER D WATSON
Assistant Public Defender
Felony Bureau Chief

JMH/CDW/kas

In the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County

31

## Criminal Division

John Cirasuolo
    Vs.
State of Florida

Case: 96-14576
      97-979
      99-16663

September 20, 2005

### Motion to Quash Detainer and Demand for Speedy Trial
Title 18 U.S.C. § 3161, West's F.S.A. §§ 941.45 to 941.50

The defendant, John Cirasuolo, Pro, se, states the following:

1. I have a current active detainer lodged against me by order of this court in the above referenced case numbers, including Violation of Probation. (Attached)
2. Defendant is presently in the custody of the Federal Bureau of Prisons in violation of 18 U.S.C. § 2113 (Bank robbery)
3. Defendant has now been incarcerated for above referenced offense in said jurisdiction since the 29th day March 2001, with a projected release date set for the 24th day of March 2009. (see attached Detainer Action Letter)
4. Defendant has accumulated 234 days of good time while serving his sentence thus far. In addition, by the time of the defendant's projected release date he will have accumulated 216 additional days of good conduct time.
5. Defendant has informed the last known Probation Officer, Elizabeth Staley with the Florida Department of Corrections, of his intention to resolve above referenced cases and detainer. (see attached letter from Elizabeth Staley, Florida Department of Corrections, dated 01-21-2005) Note: Defendant is also forwarding Ms. Elizabeth Staley a copy of this motion.
6. Defendant has served written notice to the Warden at the institution that has custody of him as refered to in "Article"(a) Paragraph(a), U.S.C § 3161, Appendix-2, of the "Interstate Agreement on Detainers."
7. Defendant has served written notice to the state Attorney's Office in Hillsborough County concerning above referenced cases and detainer on the 8th day of December 2004. In said notice, defendant requested disposition of charges in absentia but received no response. (see attached certified letter) Note: Defendant is also forwarding a copy of this motion to the District Attorney's Office.
8. Defendant also has a period of 36 months supervised release upon completion of his Federal Prison Term.
9. Defendant was not informed of his right to demand a fast and speedy trial at the time the Detainer was served persuant to (Title 18, Crimes and Criminal Procedure, Sec. 3161 Time Limits and Exclusions)
10: Defendant was/is involved in long term - intense - Mental Health Rehabilitation program(s) that would be severely interrupted if defendant is extradited to Florida on above referenced detainer. (see attached Certificates of Achievement and information packet on the Habilitation Program.)
11. Defendant has paid in full all balances of restitution, fines, and court costs.

probation department ll give a favorable repor :o the court in reference to defendant's behavior and compliance while on supervision.

13 Defendant is also involved in college level computer and business courses that are two year degrees. In connection, to extradite defendant on referenced detainer/cases would severely disrupt defendants educational/rehabilitation process, not to mention waste the many thousands of dollars the Federal Government has vested in Mr. Cirasuolo's rehabilitation. (see attached supporting documents)

14. In addition, said detainer is preventing defendant from transferring to a low level security facility. However, defendant's daughter is in fostercare in Connecticut. Defendant is unable to maintain a relationship with his daughter because the detainer affects defendant's security status. (see attached excerpts from sentencing transcripts quoting Federal Judge Stephen Underhill)

15. Defendant's Criminal History category applied when defendant was "scored" by the State of Florida on said charges "Overstated the seriousness of defendant's past offenses."

   In this regard, the State of Florida has completely ignored both the role that defendant's severe mental illness played in his criminal history, as well as the staleness of most of the prior offenses.

   A: Defendant has been found incompetent to stand trial two times which resulted in confinement at Florida State Hospital on two occasions.

   B: Defendant originally entered a plea of Not Guilty by Reasons of Insanity on referenced cases. Note: Prior to trial a downward departure was granted by Judge Cynthia Holloway after defendant did receive psychiatric testimony at sentencing from Dr. Szabo. (see attached letters)

16. It is defendant's belief he has benefitted from this long term incarceration. In this connection, defendant respectfully moves this honorable court to consider issuing an order of Termination of Probation in defendant's favor.

17. Defendant will agree not to return to the State of Florida again if so ordered.

18. In conclusion, if the Honorable Court is unable to rule favorably as described in paragraph #16 of this motion;

19. Defendant hereby Demands a Speedy Trial for Case # 96-14576, 97-979, 99-16663, Violation of Probation, and any other open and/or pending charges and/or cases that the State of Florida has on file against defendant.

FCI Butner
P.O. Box 1000
Butner, NC 27509
Dated: September 20, 2005

Respectfully Submitted

_____
John A. Cirasuolo
Reg. # 14166-014

## AFFIDAVIT

I John A. Cirasuolo do hereby certify and affirm under the penalty of perjury,pursuant to Title 28 USC § 1746. That all of the facts,allegations,and information contained in the attached document. *otion to Quash Detainer and Demand Speedy Trial* . Are true and correct to the best of my knowledge and belief.

Further the Affiant saith naught

Respectfully Submitted

*John A. Cirasuolo*

John A. Cirasuolo

### Certificate of Service

I John A. Cirasuolo do hereby certify that I have served a true and correct copy of the attached document, *Motion To Quash Detainer and Demand For Speedy Tri* upon the *Respondants* ———— in this case. On this *20th* day of *September 2005* By placing it in the prison legal mail box, with U.S. Postage first class prepaid affixed to their place of business,address listed below.

*Judge Anthony Black*
*801 E Twiggs ST*
*Tampa, FL. 33602*
————————

Respectfully Submitted

*John Cirasuolo*

John A. Cirasuolo

## AFFIDAVIT

I John A. Cirasuolo do hereby certify and affirm under the penalty of perjury, pursuant to Title 28 USC § 1746. That all of the facts, allegations, and information contained in the attached document. Motion to Quash Detainer and Demand Speedy Trial, Are true and correct to the best of my knowledge and belief.

Further the Affiant saith naught

Respectfully Submitted

*John A. Cirasuolo*

John A. Cirasuolo

### Certificate of Service

I John A. Cirasuolo do hereby certify that I have served a true and correct copy of the attached document Motion To Quash Detainer and Demand Speedy Trial upon the Respondents —————— in this case. On this 20th day of September, 2005 By placing it in the prison legal mail box, with U.S. Postage first class prepaid affixed to their place of business, address listed below.

State Attorney's Office
800 E. Kennedy BLVD
Court House ANNEX, 5th Floor
Tampa, FL 33602

Respectfully Submitted

*John A. Cirasuolo*

John A. Cirasuolo

## AFFIDAVIT

I John A. Cirasuolo do hereby certify and affirm under the penalty of perjury,pursuant to Title 28 USC § 1746. That all of the facts,allegations,and information contained in the attached document. *otion to Quash Detainer and Demand a Speedy Trial* , Are true and correct to the best of my knowledge and belief.

Further the Affiant saith naught

Respectfully Submitted

*John A. Cirasio*

John A. Cirasuolo

## Certificate of Service

I John A. Cirasuolo do hereby certify that I have served a true and correct copy of the attached document *Motion to Quash Detainer and Demand Speedy Trial* upon the *Department of Corrections, Probation Department* in this case. On this *20th* day of *September, 2005* By placing it in the prison legal mail box, with U.S. Postage first class prepaid affixed to their place of business,address listed below.

*Florida Department of Corrections,
% Elizabeth Staley, Correctional Probation officer
7402 N. 56th St. Suite 750,
Tampa, Fl. 33617*

Respectfully Submitted

*John A. Cirasio*

John A. Cirasuolo

36

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Bobbie Clark_    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery  9-26-05

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

SEP 26 2005

USPS

1. Article Addressed to:

Florida Department of Corrections
c/o Probation Officer Ms. Elizabeth Staley
7402 N 56th St. Suite #750
Tampa, Fl 33617

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from se...)    7003 3110 0001 3508 6811

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | 1.44 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.80 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 6.54 |

Postmark SEP 23 2005  USPS - 2750?

Sent To
Florida Department of Corrections c/o Elizabeth Staley
Street, Apt. No.; or PO Box No.  7402 N 56th St. Suite -750
City, State, ZIP+4  Tampa, FL 33617

7003 3110 0001 3508 6811

PS Form 3800, June 2002    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    CLERK OF CIRCUIT COURT    □ Agent
     MAIL SERVICES    □ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

1. Article Addressed to:

Richard Ake, Clerk of the Circuit Court, Hillsborough County Florida; P.O. Box-1110  c/o Felony Division Tampa, FL 33601-1110

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:   □ No

SEP 27 2005

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered    □ Return Receipt for Merchandise
   □ Insured Mail    □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
   (Transfer from service label)    7002 2030 0005 5547 2651

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 2.44 |
| Certified Fee | 2.30 | |
| Return Receipt Fee (Endorsement Required) | 1.80 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $6.54 | |

SEP 23 2005

Sent To
Richard Ake, Clerk of the Circuit Court, Hillsborough
Street, Apt. No.; or PO Box No.  P.O. Box-1110  c/o Fe
City, State, ZIP+4  Tampa, FL 33601-11

PS Form 3800, June 2002    See R

2651 5547 0005 2030 7002

38

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Mark A. Ober
   State Attorney
☐ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
                                    SEP 2 6 2005

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

1. Article Addressed to:

tate Attorney's office of the 13th
Judicial Circuit, in and for Hillsborough
aunty Florida.
900 E kennedy Blvd
ourthouse Annex, 5th Floor
Tampa, Fl 33602

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
   (Transfer from service label)       7002 2030 0005 5547 2668

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $2.44 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.80 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $6.54 |

Postmark Here   SEP 23 2005   USPS 27501

Sent To  State Attorneys Office 13th Judicial Circuit Hillsborough Cty
Street, Apt. No.;  900 E kennedy Blvd Courthouse Annex 5th Flr
or PO Box No.
City, State, ZIP+4  Tampa, FL 33602

7002 2030 0005 5547 2668

PS Form 3800, June 2002     See Reverse for Instructions



U. S. Department of Justice
Federal Bureau of Prisons

# Program Statement

| | |
|---|---|
| **OPI:** | CPD |
| **NUMBER:** | 5160.05 |
| **DATE:** | 1/16/2003 |
| **SUBJECT:** | Designation of State Institution for Service of Federal Sentence |

1. **PURPOSE AND SCOPE.**  To provide instructions for the designation of a state institution for concurrent service of a federal sentence.

2. **SUMMARY OF CHANGES.**  This policy has been rewritten to comply with the "Plain Language" initiative.

3. **PROGRAM OBJECTIVES.**  The expected results of this program are:

   a.  State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system.

   b.  Accurate records and accountability will be maintained by the Regional Inmate Systems Administrator (RISA) for inmates serving federal sentences in state institutions.

4. **DIRECTIVES AFFECTED**

   a.  **Directive Rescinded**

   PS 5160.04        Designation of State Institution for Service of Federal Sentence (4/19/00)

   b.  **Directives Referenced**

   PS 5100.07        Security Designation and Custody Classification Manual (9/3/99)

PS 5800.07   Inmate Systems Management Manual (12/24/91)
PS 5880.28   Sentence Computation Manual-CCCA (2/21/92)
PS 5880.30   Sentence Computation Manual ("Old Law" Pre-
             CCCA-1984) (7/16/93)
PS 5880.32   District of Columbia Sentence Computation
             Manual (1/23/01)
PS 7300.09   Community Corrections Manual (7/22/98)

5.  **STANDARDS REFERENCED**

   a.  American Correctional Association 3rd Edition Standards for
Adult Correctional Institutions:  3-4093 and 3-4094

   b.  American Correctional Association 3rd Edition Standards for
Adult Local Detention Facilities:  3-ALDF-1E-02 and 3-ALDF-1E-03

   c.  American Correctional Association 2nd Edition Standards for
Administration of Correctional Agencies:  2-CO-1E-04 and
2-CO-1E-05

6.  **MCC/MDC/FDC APPLICATION.**  This Program Statement applies to pre-
trial and holdover inmates as indicated in subsequent sections.

7.  **STATUTORY AUTHORITY.**  Authority for designating a state
institution as the place to serve a federal term of imprisonment is
found in 18 U.S.C. § 3621(b), which states:

   **"The Bureau of Prisons shall designate the place of the
   prisoner's imprisonment.  The Bureau may designate any
   available penal or correctional facility that meets minimum
   standards of health and habitability established by the Bureau,
   whether maintained by the Federal Government or otherwise and
   whether within or without the judicial district in which the
   person was convicted, that the Bureau determines to be
   appropriate and suitable . . . ".**

   a.  For inmates who committed the underlying offense before
November 1, 1987, a similar provision is found in
18 U.S.C. § 4082(b) (repealed).

   b.  Federal judges have the authority to order a federal term of
imprisonment to run consecutively to or concurrently with any other
sentence.  When there is a previously imposed sentence (federal or
non-federal) in existence at the time of federal sentencing, and the
federal judge does not state whether multiple

PS 5160.05
1/16/2003
Page 3

terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively (see 18 U.S.C. § 3584). (This applies only to federal offenses committed on or after November 1, 1987.)

c. When a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence. <u>United States v. Hardesty</u>, 958 F.2d 910 (9th Cir. 1992).

d. For federal offenses that occurred prior to November 1, 1987, and there is a previously imposed sentence in existence at the time of federal sentencing and the federal judge is silent as to whether multiple terms run concurrently or consecutively, the RISA will have to research the record and make a determination regarding concurrency.

e. No concurrent designation will be considered when statutory language mandates consecutive service or the U.S. Sentencing Guidelines require consecutive service.

f. Authority for commencement of a sentence once a facility is designated is found in 18 U.S.C. § 3585(a) and § 3568 (repealed).

18 U.S.C. § 3585(a), states,

**"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."**

18 U.S.C. § 3568, states in part,

**"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence."**

g. Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence (see 18 U.S.C. § 3585(a) & § 3568 (repealed)).

PS 5160.05
1/16/2003
Page 4

8.  **AUTHORITY FOR DESIGNATIONS.**  The Bureau's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.

■ A designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system.

a.  Exceptions to the general rules regarding concurrent designation may be based on the merits of a particular case.

Information reviewed will include:

■ inmate discipline history,
■ institutional adjustment,
■ recommendations of the Wardens at the state and federal institutions,
■ the recommendation of the prosecuting Assistant U.S. Attorney,
■ intent of the federal sentencing court, if available, and
■ any other pertinent information regarding the inmate.

b.  In the event of an "exception," the above information will be sent to the appropriate RISA who will coordinate a response.

The Regional Director is the final authority to determine exceptions.

9.  **CONCURRENT SERVICE OF FEDERAL AND STATE SENTENCES**

a.  Concurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence. Ordinarily, the reason for selecting the non-federal institution is that primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence be served concurrently with the non-federal sentence.

b.  When an inmate is sentenced in both federal and state jurisdictions, care must be taken to ensure that he or she is suitable for federal designation.  Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent.  Ordinarily, this intent is made known in one of the following ways:

PS 5160.05
1/16/2003
Page 5

(1)  **Court Order.**  The sentencing court orders, on the Judgment
& Commitment Order or the Judgment in a Criminal Case (J&C), that
the federal sentence be served concurrently with a state sentence.
The court may make clear its intent by using language similar to:

- ■  "Said sentence to run concurrently with the state sentence
  the defendant is presently serving."

- ■  "Sentence to run concurrently with sentence imposed under
  Docket 168-88, San Diego County Court, on       May 14,
  1988."

- ■  "Sentence is hereby ordered to run concurrently with any
  other sentence presently being served."

- ■  "Sentence to begin immediately."

(2)  **Court Recommendation of Non-Federal Confinement.**  The
sentencing court recommends a non-federal institution as the place
of confinement on the J&C.  Most J&Cs have a preprinted area for
recommendations with language similar to: **"the court makes the
following recommendations to the Bureau of Prisons..."**

     If the inmate was in primary non-federal custody, (i.e.,
produced on writ), and the court uses the preprinted phrase and adds
the name of a state institution, this will be accepted as a court
recommendation for concurrent service.  This wording could also
appear in the body of the J&C.

(3)  **Concurrent Service of Sentence After Imposition.**   The
court may, from time to time, order concurrent service of the
federal sentence at some time after its imposition.  This may occur
when primary jurisdiction resided with the state and the court
believed mistakenly that the inmate was in federal custody for
service of the federal sentence on the date of imposition.

(4)  **Inmate Request.**  Occasionally, an inmate may request a
nunc pro tunc (i.e., occurring now as though it had occurred in the
past) designation.  As a result of the decision in       Barden v.
Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau considers an
inmate's request for pre-sentence credit toward a federal sentence
for time spent in service of a state sentence as a request for a
nunc pro tunc designation.

(a)  In <u>Barden</u>, the court held that the Bureau must consider
an inmate's request for concurrent service of the state and federal
sentences.

> ■  However, there is no obligation under <u>Barden</u> for the
>     Bureau to grant the request by designating a state
>     institution retroactively as the place to serve the
>     federal sentence.

(b)  This type of request will be considered regardless of
whether the inmate is physically located in either a federal or
state institution.  Information will be gathered, if available, to
include:

> ■  a copy of the federal and state J&Cs,
> ■  the state sentence data record to include jail
>     credit, and
> ■  any other pertinent information relating to the
>     federal and state sentences.

(c)  In making the determination, if a designation for
concurrent service may be appropriate (e.g., the federal sentence is
imposed first and there is no order or recommendation regarding the
service of the sentence in relationship to the yet to be imposed
state term), the RISA will send a letter to the sentencing court
(either the Chambers of the Judge, U.S. Attorney's Office, and/or
U.S. Probation Office, as appropriate) inquiring whether the court
has any objections.  Regardless of where the original inquiry is
directed, the U.S. Attorney's Office and U.S. Probation Office will
receive a courtesy copy.

(d)  If, after 60 days, a response is not received from the
sentencing court, the RISA will address the issue with the Regional
Counsel and a decision will be made regarding concurrency.

(e)  No letter need be written if it is determined that a
concurrent designation is not appropriate.  If the court has
indicated previously that its language on judgments is sufficient
for designation of a state institution for service of the federal
sentence, then no further letters need be written.

When the original sentencing judge is no longer available and
the assigned judge offers no opinion, the RISA will make a
determination based on the particular merits of the case. (Refer to
Section 8.a. for more information.)  The RISA will notify the inmate
of the decision in writing and place a copy of this notification in
the J&C file.

(f)  The Bureau will not allow a concurrent designation if
the sentencing court has already made a determination regarding the
order of service of sentence (e.g., the federal sentencing court
ordered the sentence to run consecutively to any other

sentence, or custody in operation, during any time in which the inmate requests concurrent designation).

(5)  **State Request.**  Occasionally, a Regional Office receives a request from a state jurisdiction indicating that the state and federal sentences are to be served concurrently, whether by state court order or department of corrections referral.

(a)  The RISA will gather and review all information pertaining to the federal and state sentences.  After reviewing this information carefully, if necessary, the RISA will correspond with the federal sentencing court to ascertain whether it has any objections to the federal and state sentences running concurrently. A courtesy copy of this correspondence will be forwarded to the appropriate U.S. Attorney.  (The same procedures apply as outlined in subsections 4.c. and d., Inmate Request.)

(b)  If the court has no objections, the state institution may be designated as the place to serve the federal sentence concurrently with the state sentence, according to the procedures detailed in this Program Statement.

> **Note:**    The Bureau will not, under ordinary circumstances, such as overcrowding in a state institution, accept transfer of the inmate into federal custody for concurrent service.

10.  **RESPONSIBILITIES.**  The following procedures are to be used when a state institution is designated for the concurrent service of federal and state sentences.  (See the **Security Designation and Custody Classification Manual** for procedures when a federal inmate transfers from a federal to a non-federal institution for concurrent service of a federal and state sentence.)

a.  **Notification to Regional Director.**  The Regional Director, of the region where the state institution is located, will be notified of the federal court's order that the federal sentence run concurrently with the state sentence.  This notification will be received from the Community Corrections Manager (CCM).  The CCM forwards the Regional Office a copy of:

- the inmate's J&C Order,
- the federal register number,
- the U.S. Marshals Tracking Form (USM-129),
- the Pre-Sentence Investigation Report (PSI), and
- any other available pertinent information.

b. **Designation.**   The RISA, through the Regional Director, may make a nunc pro tunc designation to the non-federal institution using a letter to the U.S. Marshals Service (USMS)(Attachment A).

(1)  As part of the designation process, a date is specified nunc pro tunc (i.e., occurring now as though it had occurred in the past) as the effective date the sentence will begin.

(2)  Specifying a nunc pro tunc designation ensures that time lost in administrative processing is not passed on to the inmate. It is this designation that allows the federal sentence to commence.

(3)  As the recommendation for concurrent service, in most cases, is received after the imposition of sentence, the nunc pro tunc designation will normally be effective from the original date of sentencing, unless otherwise indicated in the subsequent order.

(4)  Since the inmate is primarily in state custody, all decisions regarding confinement and classification are at the sole discretion of the state authorities.  A copy of the letter will be forwarded to the USMS in the district where the state institution is located as notification to lodge a detainer.

(5)  The letter, along with sentence computation data sheet, will be mailed to the appropriate state department of corrections; an informational copy will be sent to the USMS in the sentencing district; and a copy to the U.S. Parole Commission (USPC), if appropriate.  A copy of the letter will be placed in the J&C file, maintained by the appropriate RISA.  The sentence computation data sheet will also be mailed to the inmate.

(6)  Should the court order concurrent service of the federal sentence after the inmate is received in federal custody, the RISA will determine whether a nunc pro tunc order is appropriate.

(7)  By action of a nunc pro tunc order, the Federal sentence may commence on the date of its imposition or on a subsequent date that will not cause the inmate to be a late release by virtue of the nunc pro tunc order.

(8)  Should a nunc pro tunc designation be granted, a thorough review of jail credit (Willis/Kayfez) must be conducted as outlined in the sentence computation manuals.

(9)  If the nunc pro tunc designation results in a date that

would make the inmate "past due" for release, such designation will
be retroactive to a point in time that the sentence, when calculated
in the same manner as any other sentence, results in a release date
that affords the institution time to conduct normal release
processing.

(10)  If the D.C. Superior Court recommends designation of a
state institution for service of a D.C. sentence, the RISA in the
appropriate region will gather and review all information pertaining
to the D.C. sentence.  If it is determined that a nunc pro tunc
designation is warranted, a copy of the designation letter along
with other relevant information will be forwarded to the D.C.
Records Center (DCRC) for computation of the D.C. sentence.  The
DCRC will maintain an administrative file, compute the sentence, and
will be responsible for all computation updates.

Should an update be required to the D.C. state concurrency
sentence computation, the RISA will provide all appropriate
documentation to the DCRC.  Once the DCRC updates the sentence
computation, they will notify the RISA via GroupWise.

c.  **Files**.  The RISA is to maintain a file on all state
concurrency cases.  Each file will contain the following:

- the J&C Order,
- the USM-129,
- a copy of the letter to the USMS (Attachment A),
- the PSI, and
- a signed/certified copy of the Sentence Data Computation
  Sheet.

(1)  When the inmate satisfies the federal sentence, copies of
release certificates, as well as the notifications to state
authorities, the USMS, U.S. Probation Office, and the USPC, will be
placed in the file.  Concurrency files will be retained until the
sentence expires and then they will be sent to the appropriate
Federal Records Center in accordance with the Inmate Systems
Management Manual.

(2)  If the inmate is eligible for parole, the RISA will send
the following to the USPC:

PS 5160.05
1/16/2003
Page 11

(2)  If the federal term expires prior to the inmate's release from the non-federal jurisdiction, the RISA is to notify the state department of corrections, the USMS, and the USPC (if necessary). The RISA will complete the appropriate release paperwork as it pertains to the confinement portion of the federal sentence.  Upon receiving the release notification, the USMS will withdraw the detainer.

f.  **Monitoring**.  The RISA will establish a system to monitor release dates of concurrent sentences so that timely notification will be made to state authorities, the USMS, and the USPC (if necessary).  This may be accomplished by using:

- a SENTRY release roster,
- a log, or
- any other method that enables the RISA to monitor release dates.

(1)  The USPC will prepare certificates for inmates scheduled for release on parole.  The RISA will ensure that any parole certificates received on a state concurrency case are accurate and any discrepancies are reported to the USPC.  Normally, the RISA prepares the mandatory release and special parole term certificates.

For the completion of any other release paperwork, refer to the Inmate Systems Management Manual.  For information on fines and restitution, refer to the appropriate program statements.

(2)  A term of supervised release that follows a federal sentence will not commence until the inmate is released from all periods of confinement.  When an inmate has a term of supervised release and the federal sentence expires prior to the state term, the RISA will ask the state authorities to notify the U.S. Probation Office 30 days prior to release from state custody.  The RISA will forward a courtesy copy of the request to the U.S. Probation Office.

g.  **Primary Jurisdiction**.  When it has been determined an inmate was committed improperly to federal custody and primary jurisdiction resides with a state sovereign (i.e., the inmate was under jurisdiction of the federal sentencing court on the basis of a writ of habeas corpus ad prosequendum), institution staff, through the RISA, will make every effort to return the inmate to state custody.

50

PS 5160.05
1/16/2003
Page 12

A return to the state means that the federal sentence should be considered as **not** having commenced since transfer to the Bureau was in error and the prisoner should have been returned to the state after federal sentencing as a required condition of the federal writ (see <u>Crawford v. Jackson</u>, 589 F.2d 693 (D.C. Cir. 1978)).  The federal J&C will be lodged as a detainer, through the USMS, with the state authorities.  If the federal court recommends concurrent service of the federal and state sentences, the case should be referred to the appropriate RISA.


                              /s/
                         Kathleen Hawk Sawyer
                         Director

PS 5160.05
1/16/2003
Attachment A, Page 1

## Sample Letter to U.S. Marshal

```
Date                 :
Inmate's Name        :
Register Number      :
Docket Number        :
Offense              :
Sentence             :
Judicial District    :
Sentence Begins      :
Release Date         :
Designated Facility  :
```

U.S. Marshals Service            Maryland Dept. of Corrections
District of Maryland             6776 Reisterstown Road
605 U.S. Courthouse              Suite 310
101 West Lombard Street          Baltimore, MD 21215-2341
Baltimore, MD 21201

Attn: Criminal Desk

The United States District Court that sentenced the above individual recommended that the federal sentence run concurrently with the state sentence.  To make this possible, I have designated the above facility for service of the federal sentence.

Please lodge and maintain a detainer with the local authorities for the duration of the federal sentence.  The date indicated above is the projected release date.

Please request that state authorities notify you 60 days in advance of any release from state custody, or in the event the inmate escapes, dies, or is transferred.

Upon notice of release from state custody, please request federal designation through the Community Corrections Manager in your district.

I understand that no charge will be made to the federal government during the time the inmate is in service of the state sentence.

Sincerely,


Regional Director

**STATE CORRECTIONAL AUTHORITY:**  This is for notification purposes only and does not limit your discretion in any decision affecting this offender's classification, work, and quarters assignments or other treatment and programs.