Jane Simkin Smith
P.O. Box 1277
Millbrook, New York 12545
845 724 3415
Fax: 845 724 3417
jssmith1@optonline.net



2006 JUL 18  P 2: 29

July 17, 2006

Hon. Stefan R. Underhill
United States District Court
District of Connecticut
915 Lafayette Blvd.
Bridgeport, Connecticut 06604

      Re:  Cirasuolo v. United States, 305 CV 615
          (Related to United States v. Cirasuolo, 3:01 CR-85 (SRU))

Dear Judge Underhill:

      This letter addresses the issues raised by the Court on June 29, 2006, as a result of Probation Officer Ray Lopez's recent identification of Mr. Cirasuolo as a career offender under U.S.S.G. § 4B1.1(a). I am submitting this letter in advance of the schedule set on June 29 in the hopes that the issues may be speedily resolved.

      We first show that **Mr. Cirasuolo is not a career offender**. A defendant is a career offender if, among other elements, he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." In the Third Addendum To The Presentence Report, three Florida convictions – two for Burglary (PSR ¶¶ 23 and 24), and one for Attempted Burglary (PSR ¶ 25) – are identified as the predicate "crimes of violence". As explained below, given their age and the sentences that were imposed, the two burglary convictions do not count in the criminal history calculation, and, as a result, cannot count as a "prior felony convictions" for career offender purposes. This leaves only one prior felony conviction for a "crime of violence"; this is not enough.

      We also argue that the career offender designation does not apply because the offense of conviction was not a "crime of violence". This bank robbery does come within the definition of a "crime of violence" under §4B1.2(a)(1) since the jury was not required to find "the use, attempted use, or threatened use of physical force against the person of another" as an element.

      Second, even if Mr. Cirasuolo were properly designated a career offender, **the calculated range under the Guidelines is not mandatory**. Not only does this Court clearly have the authority to downwardly depart -- both horizontally and vertically -- from the calculated range under the Guidelines in cases where the career offender guideline applies, see *United States v. Rivers*, 50 F.3d 1126, 1130 (2d Cir. 1995), but the Guidelines are now advisory only.

Finally, we address the inter-related questions of how career offender status might affect the prejudice prong of the *Strickland* test, and whether Mr. Cirasuolo should avail himself of the opportunity to withdraw the §2255 petition. In short, Mr. Cirasuolo should not have to gamble and risk the possibility that, if his petition is granted and he is resentenced, an even higher sentence will be imposed. The petition should not be granted unless the Court determines that a reduced sentence is appropriate.

## 1. Mr. Cirasuolo Is Not A Career Offender

Under §4B1.1, a defendant is a career offender if: (1) he was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a "crime of violence" or "a controlled substance offense": and (3) he has at least "two prior felony convictions of either a crime of violence or a controlled substance offense." Probation focused only on the last factor, and only a part of that. We disagree with Probation's analysis of the prior convictions. We also disagree with the unstated assumption that the instant offense is a "crime of violence" as that term is defined in §4B1.2(a). Because neither of the last two elements is satisfied, Mr. Cirasuolo is not a career offender under the Guidelines.

### "Two Prior Felony Convictions"

In concluding that Mr. Cirasuolo had at least two qualifying prior convictions of crimes of violence, Probation Officer Lopez considered only the nature of the prior offenses. He looked to the charging documents and court records, determined that the 1982 and 1983 burglaries and the 1984 attempted burglary each involved a dwelling, and, because "burglary of a dwelling" is within the definition of "crime of violence" in §4B1.2(a)(2), concluded that the third element ("two prior felony convictions of either a crime of violence or a controlled substance offense") was met.

However, one must consider more than the nature of the prior offenses. One must also consider whether the prior offenses come within the definition of "two prior felony convictions," a term also specifically defined in §4B1.2(c). The burglaries do not come within this definition.

Understanding why entails careful consideration of both the career offender provisions of Chapter 4 Part B of the Guidelines (§§ 4B1.1 and 4B1.2), as well as the criminal history provisions of Chapter 4 Part A (§§ 4A1.1 and 4A1.2). This is because the term "two prior felony convictions" used in §4B1.1 is defined in §4B1.2 with reference to the counting rules of Part A.

Thus, §4B1.2(c) provides (emphasis added):

> The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense ... *and* (2) *the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c).* The date that a defendant sustained a conviction shall be the date

that the guilt of the defendant has been established, whether by
guilty plea, trial, or plea of <u>nolo contendere.</u>

In addition, and importantly, *Application Note 4* to §4B1.2 provides, "The provisions of
§4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the
counting of convictions under §4B1.1."

This means that, in order for prior convictions to come within the definition of "two prior
felony convictions" for career offender purposes, the sentences for those convictions must count
separately for purposes of calculating the criminal history score under §4A1.1. How and
whether a prior conviction is counted for computing criminal history depends on the definitions
and rules set forth in §4A1.2. See, *United States v. Moore*, 968 F.2d 216, 226-7 (2d Cir. 1992)
("Whether a prior conviction is counted for the purposes of establishing Career Offender status is
determined by the provisions of Section 4A1.2 (Definitions and Instructions for Computing
Criminal History). Application Note 4, §4B1.2.")

One must, therefore, turn to §§4A1.1 and 4A1.2 to determine whether the sentences for
the burglaries are "counted separately under the provisions of §4A1.1(a), (b), or (c)". Neither the
1982 nor the 1983 burglary is "counted separately". Indeed, because of their age and the actual
sentence imposed, they are not counted at all. (This leaves only the 1984 attempted burglary
(Fla. Case No. 13748B), which is not enough.)

As explained in the *Commentary* to §4A1.1, the definitions and instructions in §4A1.2
govern the computation of criminal history points. Importantly, while §4A1.1 directs the adding
of between 1-3 points for prior sentences depending on the length of the sentence previously
imposed, not all prior sentences are counted.

Of particular importance in this case are the instructions contained in §4A1.2(e)
(Applicable Time Period). §4A1.2(e) (3) instructs that prior sentences are *not counted* unless
they come within the time periods specified in either subsection (1) (15 years if the prior
sentence exceeded one year and one month), or subsection (2) (10 years for any other sentence).

The sentences for the burglaries committed in 1982 and 1983 do not fall within either
subsection. The sentences were imposed in January 1987 (14 years before the commission of the
instant bank robbery), and the sentence imposed for each burglary was "community control".
See, attached Judgments dated January 9, 1987 (Case Numbers 83-193 and 83-9130; each case
involved two counts, burglary and theft; a five year prison term was imposed on the theft, and
community control was imposed on the burglary). Since neither burglary sentence exceeded one
year and one month, neither offense comes within §4A1.2(e) (1); and since the community
control sentences were both imposed more than 10 years before the commission of the 2001
bank robbery, the burglaries do not come within subsection (2). Accordingly, since they are not
within the specified periods, subsection (3) dictates that *these burglaries are not counted* for
purposes of calculating criminal history points.

Since neither burglary is counted in the computation of the criminal history score, neither
can serve as a predicate for career offender status. See, *United States v. Garecht*, 183 F.3d 671,

675 (7th Cir. 1999) (a prior conviction may serve as a prior felony conviction for determining career offender status only if it is counted for purposes of calculating the criminal history score); see also, *United States v. Moore*, 968 F.2d 216, 226-7 (2d Cir. 1992) (After noting that only the "following convictions are counted: (1) a sentence of imprisonment for over one year and one month, imposed within 15 years of the commencement of the instant offense, and (2) any other prior sentence imposed within 10 years of the defendant's commencement of the instant offense. Section 4A1.2(e)(1) and (2)," Court remands matter to district court to resolve whether conviction was within 10 years of the commencement of the present offense, and, if not, whether it involved a sentence of over one year and one month).

This leaves only the 1984 attempted burglary (for which a 5 year sentence was apparently imposed in 1987, 14 years before the commission of the bank robbery). Only one "countable" prior felony conviction for a "crime of violence", however, is not enough to make Mr. Cirasuolo a career offender.

The Instant Offense Is Not A "Crime Of Violence"

§4B1.1 also provides that the instant offense must be either a crime of violence or a controlled substance offense. The term "crime of violence" is defined in §4B1.2(a) as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The use of physical force against the person of another may be, but is not necessarily, an element of 18 U.S.C. § 2113(a). That section provides, in relevant part, "Whoever, by force and violence, *or by intimidation,* takes or attempts to take, from the person or presence of another ….any property or money… belonging to, or in the care, custody, control, management or possession of, any bank…Shall be fined under this title or imprisoned not more than twenty years, or both." (Emphasis added)

The term "intimidation" is not defined in the statute. However, its common usage, while suggesting some form of fear and submission on the part of another person, does not necessarily connote either the "attempted use or threatened use of physical force against the person of another." See, e.g., *Halbert v. Michigan*, 125 S.Ct. 2582, 2593 (2005) ("Michigan's very procedures for seeking leave to appeal after sentencing on a plea, moreover, may *intimidate* the uncounseled."); *Illinois v. Caballes*, 543 U.S. 405, 421 (2005) (Ginsburg, J., dissenting) ("Caballes--who, as far as Troopers Gillette and Graham knew, was guilty solely of driving six miles per hour over the speed limit--was exposed to the embarrassment and *intimidation* of being investigated, on a public thoroughfare, for drugs.") (The dictionary built into my computer

4

defines the verb "intimidate" as "frighten or overawe (someone) esp. in order to make them do what one wants", and offers this example of the adjective form: "*the intimidating defense lawyer*"!)

While the indictment charged Mr. Cirasuolo in the conjunctive with taking money "by force, violence and intimidation", the jury was charged in the disjunctive. (T. 172-4) ("The government does not have to prove that the defendant used force and violence if it proves that the defendant acted in an intimidating manner.")    The Court explained that the phrase "intimidating manner" was to be understood in terms of the reaction a "reasonable person" would have to defendant's behavior ("fear of bodily harm because of what the defendant did or said"), but also instructed that it was not necessary for the government to prove that the defendant either used force or explicitly threatened the use of bodily harm.  Since the guilty verdict does not necessarily reflect a finding that Mr. Cirasuolo used or threatened the use of force, this bank robbery should not be considered a "crime of violence."

Congress could have insisted that the definition of a "crime of violence" under §4B1.2(a)(1) include offenses having as an element "the use of intimidation".  It did not.  (We appreciate that *Application Note 1* to §4B1.2 states that the term "crime of violence" "includes...robbery".  In most cases, a robbery conviction *will* fit within the definition because use of force is an essential element. See, e.g., *New York Penal Law 160.00* ("Robbery is forcible stealing.") A conviction under 18 U.S.C. §2113(a) , however, may not.)

## 2. Even If The Career Offender Provisions Applied, This Court Would Have The Authority (And Reason) To Downwardly Depart  Both Horizontally And Vertically

The Second Circuit has approved downward departures for overrepresentation of criminal history in cases involving career offenders.  And the departure may be in both criminal history category and offense level. *United States v. Rivers,* 50 F.3d 1126, 1130 (2d Cir. 1995).

A majority of the other circuit courts of appeal hold the same. *See, United States v. Gregor,* 339 F.3d 666 (8th Cir. 2003) (the district court has the authority to depart downward under §4A1.3 both horizontally in criminal history category and vertically in offense level from sentencing guideline range enhanced under § 4B1.1 due to career offender status); *United States v. Lindia,* 82 F.3d 1154, 1165 (1st Cir. 1996) (referring to a departure from the "career offender category"); *United States v. Shoupe,* 35 F.3d 835, 838 (3d Cir. 1994) (stating that in the career offender context, a § 4A1.3 downward departure is not limited to the criminal history category, but is also permitted in the offense level); *United States v. Adkins,* 937 F.2d 947, 952 (4th Cir. 1991) (allowing for a downward departure from "career offender status"); *United States v. Fletcher,* 15 F.3d 553, 557 (6th Cir. 1994) (affirming a § 4A1.3 downward departure in criminal history category and offense level); *United States v. Reyes,* 8 F.3d 1379, 1388-89 (9th Cir. 1993) (stating that, in a career offender context, § 4A1.3 does not preclude a downward departure from the base offense level); *United States v. Bowser,* 941 F.2d 1019, 1026 (10th Cir. 1991) (affirming a sentence in the guideline range computed before the application of §4B1.1, acknowledging that the career offender "jump" was initially made in a single "step"); *United States v. Clark,* 303 U.S. App. D.C. 435, 8 F.3d 839, 846 (D.C. Cir. 1993) (stating that the district court properly

exercised its discretion in sentencing the defendant within the original guideline range that applied before the career offender enhancement). [1]

As these Courts recognize, career offender status raises the defendant's placement on both axes of the sentencing table -- criminal history category and offense level. *Rivers*, 50 F.3d at 1130; *Shoupe*, 35 F.3d at 838. Accordingly, a downward departure should have the potential to address, within a district court's discretion, both consequences of the career offender enhancement.

Also, when §4A1.3 is read together with §5K2.0, a career offender may be found to be outside the heartland of career offenders based on mitigating details of a particular criminal history. *See United States v. Smith*, 909 F.2d 1164, 1169 (8th Cir. 1990). "All careers are not the same. The length and scope of the career that lands the criminal under the career-offender guideline are appropriate grounds for departure, either upward or downward, in an unusual case." *Id.* (citing 18 U.S.C. §3553(b); U.S. Sentencing Guidelines Manual §5K2.0 (2001)).

In this case, the increase in punishment as a result of career offender status is dramatic. The resulting guideline range set forth by Officer Lopez the Third Addendum is nearly twice as high as it was before (210-262 months as opposed to 110-137 months). (Indeed, part of the resulting range exceeds the statutory maximum sentence.) But there is nothing in this record that suggests the appropriateness of such an extraordinary sentence.

To the contrary, all the reasons we argued for a downward departure in the criminal history category before Mr. Cirasuolo was identified by Probation as a career offender still apply. If this Court was inclined to grant a downward departure that would have the effect of lowering the sentence below that which was previously imposed, it should do so now even if it finds Mr. Cirasuolo a career offender. He has the same criminal history, the same mental health history, and the same family circumstances he had before June 29, and if these circumstances warrant the imposition of a lower sentence, the label "career offender" (based on offenses committed more than 20 years ago for which Mr. Cirasuolo received no jail time) should not change the equation.

Notably, the government never perceived Mr. Cirasuolo as deserving of the kind of enhanced punishment resulting from the career offender status. Not only did the prosecutors never argue initially that he should be sentenced as a career offender, but, as previously noted, when a plea agreement was offered, the prosecutors were willing to stipulate that the appropriate criminal history category was III. (See, Letter to Roger Sigal, attached in Addendum to Appellate Brief, at 19a) If it argues for the imposition of a higher sentence now, this would smack of vindictiveness.

3. *Booker* Controls Any Resentencing

In any event, whether or not Mr. Cirasuolo is classified as a career offender, and

---

[1] Only the Eleventh Circuit limits §4A1.3 departures in career offender cases, but even in the Eleventh Circuit, a downward departure is permitted on the horizontal axis, just not the vertical axis. *United States v. Smith*, 289 F.3d 696, 711 (11th Cir. 2002).

whatever the extent of a downward departure under the Guidelines, the Guidelines are not controlling. If Mr. Cirasuolo is to be resentenced because he did not have the effective assistance of counsel at the initial sentencing, the Supreme Court's holding in *Booker* would apply to this resentencing. The Guidelines are now but one factor that must be taken into account in determining the appropriate sentence, which, after *Booker*, may be a non-Guidelines sentence. As the Court explained in *Ferrara v. United States*, 384 F.Supp.2d 384, 435 (D. Mass. 2005) (citations omitted):

> A defendant whose sole claim for relief under § 2255 is that his constitutional rights were violated when his sentence was enhanced by facts found by a judge at sentencing may have his claim foreclosed by *Teague*. …However, as the government has recognized and written:
>
> > This case [] stands on a different footing. If the Court determines that the petitioner is entitled to resentencing, it will be on the basis of a perceived violation of the petitioner's constitutional due process rights …. In the event that the Court finds that there was an independent constitutional violation that warrants § 2255 relief in the form of resentencing, it seems clear that the Court cannot apply the Guidelines in a manner that has now been determined to be unconstitutional. Rather, as the second portion of *Booker* instructs, the Guidelines would be advisory.
>
> Gov. Memorandum Pursuant to Court Order of January 18, 2005 at 6-7. The court has now found that the government deprived Ferrara of Due Process, and agrees that *Booker* must govern his resentencing. The Supreme Court's decision in *Booker*:
>
> > makes the Guidelines effectively advisory. It requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553 (a) (4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a) (Supp.2004).
>
> *Booker*, 125 S.Ct. at 757.

## 4. Since Strickland "Prejudice" Requires The Determination That A Lower Sentence Would Probably Have Been Imposed Had Counsel Moved For A Criminal History Downward Departure, Mr. Cirasuolo Should Not Have To Risk The Imposition Of An Even Higher Sentence If The § 2255 Petition Is Granted

If the Court finds that the career offender guideline applies and there is no basis for departure that would result in a sentence below that which was previously imposed, it should find lack of prejudice from counsel's failure to move for a downward departure in the criminal history category and deny the petition. On the other hand, if (as we believe it should) the Court determines that Mr. Cirasuolo is not a career offender under the Guidelines, or that, even if he is, a downward departure from the Guidelines to a point below the previously imposed sentence is

appropriate, then it should find both prongs of the *Strickland* test have been met (i.e., that counsel's failure to move for a downward departure fell below an objective standard of reasonableness, and, that as a result, Mr. Cirasuolo suffered prejudice); it should grant the petition, and then resentence Mr. Cirasuolo accordingly. This should not be a high-stakes guessing game. If the Court believes that the interests of justice are better served with the imposition of a lower sentence, then a lower sentence should be imposed.

Again, for the reasons stated at the outset, we urge prompt resolution of this matter. We ask the Court to expedite the government's response (and reserve the right to reply if necessary). Mr. Cirasuolo is not a career offender, and this case should be put back on the calendar for a ruling on the §2255 petition and resentencing.

Mr. Cirasuolo raised the issue of counsel's ineffectiveness over two years ago in the Court of Appeals. Resolution of the issue was delayed, however, because the government insisted the claim could not be decided without further development of the record, and should be made in a §2255 petition. Then, when a §2255 petition was filed (over a year ago), the government urged that it be denied based on the very same record that was before the Court of Appeals. There is no more reason for delay. Mr. Cirasuolo did not have the effective assistance of counsel at sentencing and should be resentenced.

Respectfully submitted,

Jane Simkin Smith
Jane Simkin Smith
Attorney for JOHN CIRASUOLO

Cc: Ray Miller, AUSA
    John Cirasuolo

☐ PROBATION VIOLATOR

(Check if Applicable)

MAR 16 1989

RICHARD AKE, CLERK

IN THE CIRCUIT COURT, THIRTEENTH
JUDICIAL CIRCUIT, IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

DIVISION _____ D

CASE NUMBER ___ RE-103

STATE OF FLORIDA

— vs —

JOHN CIRASUOLO a/k/a JOHN BAST _____

Defendant

# JUDGMENT

The Defendant, __ JOHN CIRASUOLO a/k/a JOHN BAST _____, being personally before this

Court represented by __ ASSISTANT PUBLIC DEFENDER STEPHEN PLAYHOUSE __ attorney of record, and having

(Check Applicable
Provision)

☐ Been tried and found guilty of the following crime(s)
☐ Entered a plea of guilty to the following crime(s)
☒ Entered a plea of nolo contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | CASE NUMBER |
|-------|-------|---------------------------|-----------------|-------------|
| ONE | GRAND THEFT IN THE SECOND DEGREE | 812.014(2)(b) | 3F | |
| TWO | BURGLARY | 810.02 | 2F | |
| | | | | |
| | | | | |
| | | | | |
| * COUNT TWO (2) - RECEIVED COMMUNITY CONTROL - | SEE REVERSE SIDE (PAGE TWO) FOR DETAILS * | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant
is hereby ADJUDICATED GUILTY of the above crime(s).

. . . . . . . . . . . . . . . . . . . .

The Defendant is hereby ordered to pay the sum of twenty dollars ($20.00) pursuant to F.S. 960.20 (Crimes
Compensation Trust Fund). The Defendant is further ordered to pay the sum of three dollars ($3.00) as a court cost pursuant
to F.S. 943.25(4).

(Applicable if checked)

☐ The Defendant is ordered to pay the sum of two dollars ($2.00) pursuant to F.S. 943.25(13). (Optional)

☐ The Defendant is ordered to pay a fine in the sum of $_____ pursuant to F.S. 775.0835. (Optional)

☐ The Defendant is ordered to pay the sum of two hundred dollars ($200.00) costs pursuant to F.S. 27.3455

☐ The Defendant is ordered to pay additional costs in the sum of $_____

Order book _575_ page _400_

Page 1 of __4__

(Applicable if checked)

☐ The Court hereby stays and withholds the imposit___ of sentence as to count(s) _____

☐ The Court hereby defers imposition of sentence until_____

☐ The Court places the Defendant on Probation for a period of _____ under the supervision of the Department of Corrections (conditions of probation set forth in separate order)

☒ The Court places the Defendant in Community Control for a period TWO (2) YEARS* under the supervision of the Department of Corrections (conditions of community control set forth in separate order)
* FOLLOWED BY EIGHT (8) YEARS PROBATION (AS TO CT 2); CONC W/ CT 2 OF 83-912 &
The Defendant in Open Court was advised of his right to appeal from this Judgment by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation/community control is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

** 84-14879 BUT CONSEC. TO CT 1 OF 84-10438, 84-10437, 84-10436, 85-1419, 83-380,
   84-13637, 84-13748 & 83-10701

## FINGERPRINTS OF DEFENDANT

| 1. R. Thumb | 2. R. Index | 3. R. Middle | 4. R. Ring | 5. R. Little |
|---|---|---|---|---|
| 6. L. Thumb | 7. L. Index | 8. L. Middle | 9. L. Ring | 10. L. Little |

Fingerprints taken by:

_____
Name and Title

DONE AND ORDERED in Open Court at Hillsborough County, Florida, this _____9th_____ day of
JANUARY A.D., 19 87 . I HEREBY certify that the above and foregoing fingerprints are the finger-
prints of the Defendant JOHN CERASTOLO a/k/a JOHN EAST and that they were placed thereon by said
Defendant in my presence in Open Court this date this the 15th day of January, 1988.

JUDGE
EDWARD H. WARD, JUDGE

SENTENCED BY: (on 01-09-87)
DONALD C. EVANS, JUDGE

Order book 285 page 401

Page ___ of ___

Case Number _____ 83-193-D

# SENTENCE

(As to Count _____ ONE _____)

ASSISTANT PUBLIC DEFENDER

The Defendant, being personally before this Court, accompanied by his attorney,
STEPHEN PEAVYHOUSE and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity
to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided
by law, and no cause being shown,

☐ and the Court having on _____ _____ deferred imposition of sentence
until this date.                          (date)

**(Check either provision
if applicable)**

☐ and the Court having placed the Defendant on probation and having subsequently revoked the
Defendant's probation by separate order entered herein.

☐ and the Court having placed the Defendant in community control and having subsequently revoked
the Defendant's community control by separate order entered herein.

IT IS THE SENTENCE OF THE LAW that:

☐ The Defendant pay a fine of $_____, plus 5_____ as the 5% surcharge required by F.S. 960.25
☒ The Defendant is hereby committed to the custody of the Department of Corrections
☐ The Defendant is hereby committed to the custody of the Sheriff of Hillsborough County, Florida
   (Name of local corrections authority to be inserted at printing, if other than Sheriff)
To be imprisoned (check one; unmarked sections are inapplicable)

☐ For a term of Natural Life
☒ For a term of _____ FIVE (5) YEARS WITH CREDIT TIME _____
☐ For an indeterminate period of 6 months to _____ years.

☐ Followed by a period of _____ on probation under the supervision of the Department of
Corrections according to the terms and conditions of probation set forth in a separate order entered
herein.

**If "split" sentence
complete either
of these two
paragraphs**

☐ However, after serving a period of _____ imprisonment in _____
the balance of such sentence shall be suspended and the Defendant shall be placed on probation
for a period of _____ under supervision of the Department of Corrections
according to the terms and conditions of probation set forth in a separate order entered herein.

## SPECIAL PROVISIONS

By appropriate notation, the following provisions apply to the sentence imposed in this action.

**Firearm – 3 year
mandatory minimum**

☐ It is further ordered that the 3 year minimum provisions of F.S. 775.087(2) are hereby imposed for
the sentence specified in this count as the Defendant possessed a firearm.

**Drug Trafficking –
mandatory minimum**

☐ It is further ordered that the _____ year minimum provisions of F.S. 893.135(1)( )( ) are
hereby imposed for the sentence specified in this count.

**Retention of
Jurisdiction**

☐ The Court pursuant to F.S. 947.16(3) retains jurisdiction over the defendant for review of any Parole
Commission release order for the period of _____. The requisite findings by the
Court are set forth in a separate order or stated on the record in open court.

**Habitual Offender**

☐ The Defendant is adjudged a habitual offender and has been sentenced to an extended term in this
sentence in accordance with the provisions of F.S. 775.084.4(a). The requisite findings by the
court are set forth in a separate order or stated on the record in open court.

**Jail Credit**

☒ It is further ordered that the Defendant shall be allowed a total of _____ 183 DAYS _____
credit for such time as he has been incarcerated prior to imposition of this sentence. Such credit
reflects the following periods of incarceration (optional)

**Consecutive/
Concurrent**

It is further ordered that the sentence imposed for this count shall run ☐ consecutive to ☐ con-
current with (check one) the sentence set forth in count _____ above.

JOHN CIRASUOLO
Defendant    a/k/a "JOHN EAST"

Case Number 83-193-1?

*Consecutive/*
*Concurrent*
*(As to other*
*convictions)*

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run ☐ consecutive to ☒ concurrent with (check one) the following:

☐ Any active sentence being served.

☒ Specific sentences: ___ CONCURRENT WITH 84-10458, 84-10437, 84-10436, 85-1419, 83-380, 84-13637, 84-13748 AND 82-10701 BUT CONSECUTIVE TO CT-1 OF 83-9130 AND 83-380.

In the event the above sentence is to the Department of Corrections, the Sheriff of Hillsborough County, Florida is hereby ordered and directed to deliver the Defendant to the Department of Corrections together with a copy of this Judgment and Sentence.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

In imposing the above sentence, the Court further recommends ___

____

____

____

DONE AND ORDERED in Open Court at Hillsborough County, Florida, this ___ 9th ___ day of ___ JANUARY ___ A.D. 19 87 .

STATE OF FLORIDA          )
COUNTY OF HILLSBOROUGH)

THIS IS TO CERTIFY THAT THE FOREGOING IS A
TRUE AND CORRECT COPY OF THE DOCUMENT ON
FILE IN MY OFFICE. WITH MY HAND AND
OFFICIAL SEAL THIS ___ DAY OF ___
___ June ___ 20 0?

RICHARD AKE, CLERK
BY ___ D. Bull ___ D.C.

_____
JUDGE

Page ___ 4 ___ of ___ 4 ___

RECORDED

MAR 16 1989

RICHARD AKE, CLERK

☐ PROBATION VIOLATOR

(Check if Applicable)

STATE OF FLORIDA

— vs —

JOHN CIRASUOLO a/k/a JOHN BASS
Defendant

IN THE CIRCUIT COURT, THIRTEENTH
JUDICIAL CIRCUIT, IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

DIVISION                    D

CASE NUMBER     89-9130

FILED
JAN 15 PM 3:06
CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY FL
CIRCUIT CRIMINAL

# JUDGMENT

The Defendant, _____JOHN CIRASUOLO a/k/a JOHN BASS_____, being personally before this

Court represented by _____ASSISTANT PUBLIC DEFENDER STEPHEN PEAVYHOUSE_____ his attorney of record, and having

(Check Applicable
Provision)

☐ Been tried and found guilty of the following crime(s)
☒ Entered a plea of guilty to the following crime(s)
☐ Entered a plea of nolo contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | CASE NUMBER |
|-------|-------|---------------------------|-----------------|-------------|
| ONE | BURGLARY | 810.02 | 2F | * |
| TWO | GRAND THEFT IN THE SECOND DEGREE | 812.014(2)(b) | 3F | |
| | | | | |
| | | | | |

* COUNT ONE (1) — RECEIVED COMMUNITY CONTROL — SEE REVERSE SIDE (PAGE TWO) FOR DETAILS *

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

• • • • • • • • • • • • • • • • • • • •

The Defendant is hereby ordered to pay the sum of twenty dollars ($20.00) pursuant to F.S. 960.20 (Crimes Compensation Trust Fund). The Defendant is further ordered to pay the sum of three dollars ($3.00) as a court cost pursuant to F.S. 943.25(4).

(Applicable if checked)

☐ The Defendant is ordered to pay the sum of two dollars ($2.00) pursuant to F.S. 943.25(5). (Optional)

☐ The Defendant is ordered to pay a fine in the sum of $_____ pursuant to F.S. 775.0835. (Optional)

☐ The Defendant is ordered to pay the sum of two hundred dollars ($200.00) costs pursuant to F.S. 27.3455

☐ The Defendant is ordered to pay additional costs in the sum of $_____

Order book 285  page 2404

CIRASUOLO, JOHN

1a

(Applicable if checked)

☐ The Court hereby stays and withholds the imposition of sentence as to count(s) _____

☐ The Court hereby defers imposition of sentence until _____

☐ The Court places the Defendant on Probation for a period of _____ under the supervision of the Department of Corrections (conditions of probation set forth in separate order).

☒ The Court places the Defendant in Community Control for a period of TWO (2) YEARS * under the supervision of the Department of Corrections (conditions of community control set forth in separate order).
 * FOLLOWED BY EIGHT (8) YEARS PROBATION (AS TO CT 1); CONC W/ CT 2 OF 83-193 AND **
 The Defendant in Open Court was advised of his right to appeal from this Judgment by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation/community control is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.
 ** 84-14879 BUT CONSECUTIVE TO CT 2 AND CT 1 OF 83-193, 84-10438, 84-10437, 84-10436,
 85-1419, 83-38, 84-13637, 84-13748 AND 82-10701

**FINGERPRINTS OF DEFENDANT**

| 1. R. Thumb | 2. R. Index | 3. R. Middle | 4. R. Ring | 5. R. Little |
|---|---|---|---|---|
|  |  |  |  |  |

| 6. L. Thumb | 7. L. Index | 3. L. Middle | 9. L. Ring | 10. L. Little |
|---|---|---|---|---|
|  |  |  |  |  |

Fingerprints taken by _____ 1591 DS

Name and Title

DONE AND ORDERED in Open Court at Hillsborough County, Florida, this ____9th____ day of ____JANUARY____ A.D. 19_87_. I HEREBY certify that the above and foregoing fingerprints are the fingerprints of the Defendant ____JOHN CIRASUOLO a/k/a JOHN BASS____ and that they were placed thereon by said Defendant in my presence in Open Court this date.

FINGERPRINTED
(IN PRESENCE OF ON 01-15-88) _____
                              JUDGE

EDWARD H. WARD, JUDGE

SENTENCED BY: _____
(ON 01-09-87)

DONALD C. EVANS, JUDGE

Order book 285 page 405

Page ___2___ of ___4___

2

Defendant ___JOHN CIRASUOLO a/k/a JOHN BASS___

Case Number ___B3-9130-D___

# SENTENCE

(As to Count ___TWO___)

The Defendant, being personally before this Court, accompanied by his attorney, ___ASSISTANT PUBLIC DEFENDER___

STEPHEN PEAVYHOUSE, and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown.

☐ and the Court having on _____ deferred imposition of sentence until this date.                                      (date)

(Check either provision if applicable)

☐ and the Court having placed the Defendant on probation and having subsequently revoked the Defendant's probation by separate order entered herein.

☐ and the Court having placed the Defendant in community control and having subsequently revoked the Defendant's community control by separate order entered herein.

IT IS THE SENTENCE OF THE LAW that:

☐ The Defendant pay a fine of $_____, plus $_____ as the 5% surcharge required by F.S. 960.25

☒ The Defendant is hereby committed to the custody of the Department of Corrections
☐ The Defendant is hereby committed to the custody of the Sheriff of Hillsborough County, Florida
   (Name of local corrections authority to be inserted at printing, if other than Sheriff)

To be imprisoned (check one; unmarked sections are inapplicable)

☐ For a term of Natural Life
☒ For a term of ___FIVE (5) YEARS WITH CREDIT TIME___
☐ For an indeterminate period of 6 months to _____ years.

☐ Followed by a period of _____ on probation under the supervision of the Department of Corrections according to the terms and conditions of probation set forth in a separate order entered herein.

If "split" sentence complete either of these two paragraphs

☐ However, after serving a period of _____ imprisonment in _____ the balance of such sentence shall be suspended and the Defendant shall be placed on probation for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of probation set forth in a separate order entered herein.

## SPECIAL PROVISIONS

By appropriate notation, the following provisions apply to the sentence imposed in this action.

Firearm – 3-year mandatory minimum
☐ It is further ordered that the 3 year minimum provisions of F.S. 775.087(2) are hereby imposed for the sentence specified in this count, as the Defendant possessed a firearm.

Drug Trafficking – mandatory minimum
☐ It is further ordered that the _____ year minimum provisions of F.S. 893.135(1)( )( ) are hereby imposed for the sentence specified in this count.

Retention of Jurisdiction
☐ The Court pursuant to F.S. 947.16(3) retains jurisdiction over the defendant for review of any Parole Commission release order for the period of _____. The requisite findings by the Court are set forth in a separate order or stated on the record in open court.

Habitual Offender
☐ The Defendant is adjudged a habitual offender and has been sentenced to an extended term in this sentence in accordance with the provisions of F.S. 775.084(4)(a). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

Jail Credit
☒ It is further ordered that the Defendant shall be allowed a total of ___200 DAYS___ credit for such time as he has been incarcerated prior to imposition of this sentence. Such credit reflects the following periods of incarceration (optional):

Consecutive/ Concurrent
It is further ordered that the sentence imposed for this count shall run ☐ consecutive to ☐ concurrent with (check one) the sentence set forth in count _____ above

Page ___3___ of ___4___

3

Defendant  JOHN CIRASUOLO a/k/a
           JOHN BASS

Case Number 83-9130-D

**Consecutive/**
**Concurrent**
**(As to other**
**convictions)**

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run ☒ consecutive to ☒ concurrent with (check one) the following:

☐ Any active sentence being served.

☒ Specific sentences:  CONCURRENT WITH CT 1 OF 83-193, 84-10438, 84-10437, 84-10436, 85-1419, 83-380, 84-13637, 84-13748 AND 82-10701 BUT CONSECUTIVE TO CT 1 AND 83-380

In the event the above sentence is to the Department of Corrections, the Sheriff of Hillsborough County, Florida is hereby ordered and directed to deliver the Defendant to the Department of Corrections together with a copy of this Judgment and Sentence.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

In imposing the above sentence, the Court further recommends _____

_____

_____

_____

_____

DONE AND ORDERED in Open Court at Hillsborough County, Florida, this _____ 9th _____ day of
JANUARY _____ A.D. 19 87

_____
JUDGE